| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br>**BECKER LLC**<br>354 Eisenhower Parkway<br>Eisenhower Plaza Two, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>J. ALEX KRESS, ESQ.<br>(akress@becker.legal)<br>Counsel for Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey and Horizon Healthcare of New Jersey, Inc. d/b/a Horizon NJ Health | Order Filed on March 30, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>　　　STEVEN F. DORFMAN,<br><br>　　　　　　　　　　　　　Debtor. | Case No. 18-34917 (JNP)<br><br>Chapter 7<br><br>**Hearing Date:　　On Consent** |

**CONSENT ORDER DECLARING A PORTION OF HORIZON'S CLAIMS AGAINST THE DEBTOR NONDISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(A)**

Based on the subjoined consent of the parties set forth on the following page numbered four (4), the relief set forth on the following pages numbered two (2) through three (3) in paragraphs 1 through 2, is hereby **ORDERED.**

**DATED: March 30, 2020**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**Debtor:    Steven F. Dorfman**

**Case No.   18-34917 (JNP)**

**Caption:   *Consent Order Declaring a Portion of Horizon's Claims Against the Debtor Nondischargeable Pursuant to 11 U.S.C. § 523(a)***

---

**THIS MATTER** having been presented to the Court upon the subjoined consent of Becker LLC, counsel to Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey and Horizon Healthcare of New Jersey, Inc. d/b/a Horizon NJ Health (collectively, "Horizon"), and Boyle & Valenti Law, P.C., counsel to the debtor herein, Steven F. Dorfman (the "Debtor"); and it appearing that (i) the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.) on December 18, 2018 (the "Commencement Date"), (ii) the Bankruptcy Court entered an Order of Discharge discharging the Debtor of all dischargeable debts on June 19, 2019 [ECF #50] (the "Discharge Order"), (iii) prior to and since the entry of the Discharge Order, the Bankruptcy Court has entered various Order extending Horizon's time to file a complaint to determine the dischargeability of its claims against the Debtor [ECF ##24, 33, 40, 44, 49, 62, 67, 76, 81, 88 and 90] (collectively, the "Extension Orders"), (iv) Horizon has filed claims in the Debtor's bankruptcy case totaling $1,203,349.00 which have been docketed as Claim Nos. 10 and 11 (the "Horizon Claims"), (v) Horizon has asserted that the Horizon Claims are nondischargeable pursuant to 11 U.S.C. § 523(a), (vi) the Debtor has contested Horizon's assertion that the Horizon Claims are nondischargeable, and (vii) in order to avoid the cost and delay to each party in litigating whether or not the Horizon Claims are dischargeable, Horizon and the Debtor have agreed to resolve the issue of the

**Debtor:**   Steven F. Dorfman

**Case No.**   18-34917 (JNP)

**Caption:**   ***Consent Order Declaring a Portion of Horizon's Claims Against the Debtor Nondischargeable Pursuant to 11 U.S.C. § 523(a)***

---

dischargeability of the Horizon Claims through this Consent Order; and it further appearing from the subjoined consent of their counsel that Horizon and the Debtor agree to the relief set forth herein; and good and sufficient cause appearing for the entry of the within Order;

**It is hereby ORDERED as follows:**

1.   Horizon shall have a claim against the Debtor in the total amount of TWO HUNDRED FIFTY THOUSAND AND NO HUNDREDTHS DOLLARS ($250,000.00) which shall survive the entry of the Discharge Order and shall be, and hereby is, DECLARED to be NONDISCHARGEABLE in accordance with Horizon's allegations pursuant to Bankruptcy Code § 523(a) (the "Nondischargeable Debt").

2.   Promptly following the entry of this Consent Order, Horizon shall amend the Horizon Claims to equal the amount of the Nondischargeable Debt (the "Amended Horizon Claims"). The Amended HORIZON Claims shall share in any distribution to creditors in the Debtor's bankruptcy case to the extent not objected to or, if objected to, to the extent allowed by Order of this Court.

**Debtor:**  **Steven F. Dorfman**

**Case No.**  **18-34917 (JNP)**

**Caption:**  ***Consent Order Declaring a Portion of Horizon's Claims Against the Debtor Nondischargeable Pursuant to 11 U.S.C. § 523(a)***

---

We hereby consent to the form, substance and entry of the foregoing Consent Order:

| | |
|---|---|
| **BECKER LLC** | **BOYLE & VALENTI LAW, P.C.** |
| Counsel for Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey and Horizon Healthcare of New Jersey, Inc. d/b/a Horizon NJ Health | Counsel for the Debtor, Steven F. Dorfman |
| By:  /s/  *J. Alex Kress* <br> J. Alex Kress | By:  /s/  *Carrie J. Boyle* <br> Carrie J. Boyle |
| Dated:  March 27, 2020 | Dated:  March 27, 2020 |